PER CURIAM.
“ The Court is unanimously of opinion, that the Superior Court of Law for Culpeper, has no jurisdiction *in this Case, the decision of the County Court being on the Chancery, and not on the Common Law side of the said Court.”
Note (in edition of 1853). — See the Act of Assembly, 1 Rev. Code of 1819, ch. 108, § 4, by which, the Superior Courts of Chancery and County and Corporation Courts, in Chancery, are vested with the power of controlling guardians, hearing and determining all matters between them and their wards, requiring security from guardians in socage, displacing faithless guardians, and appointing others in their stead, and giving such directions, and making such rules and orders for the government, maintenance, and education of wards, and for the preservation of their estates and for the conduct of their guardians, as may be proper. It would seem, then, that as the Courts of Chancery have such controlling power, they are the proper Tribunals before whom the election by an infant of his guardian should be made, although Hargrave tells us, that such election is frequently made before a Judge on the Circuit. In this State, the Superior Courts of Law have uniformly refused to appoint guardians, (except ad litem,) and to receive the election of infants. See Hargrave’s Notes (on the doctrine of Guardians and Wards,) on Coke Litt. 88, b. Notes 65 to 70, inclusive; 1 Black. Com. 460-4, and Tucker’s Note, 5.